IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMERICAN HEALTH, INC.; SOCIOS MAYORES EN SALUD, INC.; SOCIOS MAYORES EN SALUD HOLDING, INC.<br><br>Plaintiffs,<br><br>v.<br><br>DR. SERGIO CHÉVERE; IRAIDA DEL RÍO; THE CONJUGAL PARTNERSHIP COMPOSED BY SERGIO CHÉVERE AND IRAIDA DEL RÍO.<br><br>Defendants. | CIVIL NO. 12-1678(PG) |

### MOTION UNDER FED.R.CIV.P. 60(b)(6) FOR PARTIAL RELIEF OF THIS COURT'S SEPTEMBER 19, 2013 RESOLUTION ORDERING THE POSTING OF A $10,000 BOND

TO THE HONORABLE COURT:

Plaintiffs, American Health, Inc., Socios Mayores en Salud, Inc., and Socios Mayores en Salud Holding, Inc. (collectively "American Health"), by and through the undersigned counsel moves to Court to relieve American Health from the obligation to post a bond, because the parties agreed in paragraph 11 of the Employment Agreement that American Health would be able to obtain injunctive relief "without posting a bond or other security"[1]:

1. On September 19, 2013, this Court granted American Health's Motion for Preliminary Injunction enjoining defendants from using and disclosing "any of American Health's Confidential Information as defined in [the] Order" and ordering them to return such confidential information. (Dkt. No. 29 at 20). In addition, this Court ordered American Health to post a $10,000 bond (Id. at 21).

2. While the primary purpose of a bond is to make the enjoined party whole in the

---

[1] In both the Amended Complaint and the Memorandum in Support of Request for Preliminary and Permanent Injunction, American Health had requested the Court to grant the injunctive relief without having to post a bond because the parties had so agreed in the Employment Agreement. See, Dkt. No. 4, ¶16 at 7; Dkt. No. 5 at 18.

event that it is later determined that the injunction was wrongly issued, posting a bond is not mandatory since "[Fed.R.Civ.P.] 65(c) gives the district court wide discretion to...dispense with the bond requirement where there has been no proof of likelihood of harm...[to the defendant].'' *Doctor's Ass., Inc. v. Distajo,* 107 F.3d 126, 135-136 (2nd Cir.1997).

    3. Courts have exercised their discretion and have foregone requiring a bond from the party that obtained the injunctive relief in instances where, as here, the parties have contractually agreed to waive posting a bond when such equitable relief is sought to enforce a legally binding agreement, or where the facts of the case demonstrate that the moving party is highly likely to prevail on the merits. *See Rauch Indus., Inc. v. Radko*, 2007 WL 3124647 at *8 (W.D.N.C.2007)(Court held that "with regard to [plaintiff's] injunction enjoining [defendant] from violating the non-compete provisions in his Employment Agreement, ...pursuant to Section 12 of the Agreement, no bond is required."); *Fellowes, Inc. v. Changzhou Xinrui Fellowes*, 2012 WL 3544841 at * 3 (N.D. Ill. 2012)(holding that when the parties have contractually agreed to waive an injunction bond, the court may properly set the bond at zero); *Rpc Acquisition Corp. v. J & D World Corp*, 2013 WL 3338784 at *5 (D. Minn.2013)(Court dispensed with bond requirement because "[b]y agreement of the parties, no bond is required."); *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, 646 F.3d 424, 428-429 (7th Cir. 2011)("The reason why neither the district court nor this court required a bond is that the contract between [the parties]...waives both parties' entitlement to an injunction bond. By waiving the protection of an injunction bond, [the defendant] surrendered any right to compensation should an injunction cause the deal to fall through."); *In re Los Angeles Dodgers LLC*, 465 B.R. 18, 38 (D. Del.2011)(Court held that payment of a bond was not necessary because the parties expressly stipulated in the agreement that each would suffer "irreparable harm" if the other party breached any provision of the agreement and that "[s]uch breaching party waives any requirement that the non-breaching party be

2

required to post a bond in connection with a request for injunction."); *Asa v. Pictometry Int'l. Corp.,* 757 F.Supp.2d 238, 247 (W.D.N.Y.2010)(Court declined to require bond, stating that "[s]ince the injunction does no more than preserve the preexisting *status quo*, in which the parties were engaged in an ongoing contractual relationship (which presumably was mutually beneficial to them), there is little risk of significant harm to either side.")

4. In this case, the Employment Agreement executed by the parties (and the breach of which is, *inter alia*, the subject matter of this controversy) expressly stipulates that the parties waive posting a bond in the event injunctive relief is sought by either party to enforce the Employment Agreement, conceding that due to the nature of their contractual relationship "money damages would be an inadequate remedy" (*See*, Dkt. No. 4-1, ¶11 at 6).

5. The Agreement, in pertinent, states as follow:

> ...Because your services are unique and because you have access to Confidential Information, the Parties agree that money damages would be an inadequate remedy for any breach of Section 6[2], 8 or 9. Therefore, in the event of a breach or threatened breach of Section 6, 8 or 9, the Company or any of its affiliates or any of their respective successors or assigns may, in addition to other rights and remedies existing in their favor, apply to any court of competent jurisdiction for specific performance and/or injunctive relief or other relief in order to enforce, or prevent any violation of, the provisions hereof (*without posting a bond or other security*)...(Underscore in original, Italics ours.) (*Id.* ¶ 11 at 5-6).

6. Thus, because: (1) both parties expressly acquiesced in the Employment Agreement to forego posting a bond; (2) the injunction in this case does nothing more than preserve the preexisting *status quo* since the issuance of the preliminary injunction

---

[2] Section 6 of the Employment Agreement thoroughly defines what constitutes confidential information and specifies the confidential nature of the information exchanged between the parties (or, without being exhaustive, among American Health, Dr. Chévere, and any agents or authorized personnel) during their contractual relationship and thereafter (*See* Dkt. No. 4-1 at 3-4). Section 8 establishes the delivery of all confidential information exchanged between the parties (or, without being exhaustive, among American Health, Dr. Chévere, and any agents or authorized personnel) upon the termination of Dr. Chévere's employment with American Health and/or at American Health's request (*Id.* at 4). Section 9 sets forth Dr. Chévere's agreement not to compete as a condition for his employment with American Health under the agreement (*Id.* at 4).

forbids Dr. Chévere from using or disclosing any of American Health's confidential information –an obligation he already had under Section 6 of the Employment Agreement– ; and (3) because it is more likely than not that American Health will prevail on the merits because otherwise the preliminary injunction would not have been granted, dispensing with the bond requirement altogether is appropriate in this case.

WHEREFORE, American Health respectfully moves this Court to relieve American Health from the obligation to post a bond of $10,000.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 26th day of September, 2013.

CERTIFICATION: It is hereby certified that today we filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will provide notice to Defendants' counsel of record, Johanna M. Emmanuellli Huertas, Esq.

**Casellas Alcover & Burgos, P.S.C.**
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel. 787-756-1400
Fax. 787-756-1401
Email. calcover@cabprlaw.com
sangulo@cabprlaw.com
www.cabprlaw.com

*/s/ César T. Alcover Acosta*
César T. Alcover Acosta
USDC-PR No. 204311

*/s/ Sarika J. Angulo Velázquez*
Sarika J. Angulo
USDC-PR No. 230502

***Counsel for American Health, Inc., et al.***