**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **AMERICAN HEALTH INC., ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SERGIO CHEVERE, ET AL.,**<br><br>Defendants. | CIV. NO. 12-1678 (PG) |

**OPINION AND ORDER**

Before the court is the plaintiffs' motion for default judgment. See Docket No. 65. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** the plaintiffs' motion.

**A. BACKGROUND**

On August 20, 2012, plaintiffs American Health, Inc. (hereinafter "AHI" or "American Health"), Socios Mayores en Salud, Inc. and Socios Mayores en Salud Holding, Inc. (collectively hereinafter "Plaintiffs") filed a complaint (Docket No. 1) against defendants Dr. Sergio Chevere ("Dr. Chevere"), his wife Iraida del Rio and the conjugal partner composed by them (hereinafter "Defendants") alleging violations to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Stored Wire and Electronic Communications and Transactional Records Access Act, 18 U.S.C. § 2701, *et seq.*; and the Wire and Electronic Communication and Interception of Oral Communications Act, 18 U.S.C. § 2510, *et seq.*. The Plaintiffs also invoked supplemental jurisdiction over their state law claims for breach of contract, damages and violations to the Puerto Rico Commercial and Industrial Secrets Protection Act, P.R. LAWS ANN. tit. 10, § 4131, *et seq.*. The Plaintiffs then filed an amended complaint on September 25, 2012. See Docket No 4.

According to the Plaintiffs, AHI hired defendant Dr. Chevere as Senior Vice President on February 7, 2011. Id. at ¶ 9. His position gave him access to "Confidential Information," as the term is defined in the Employment Agreement. Id. at ¶¶ 11, 17. On or around October 1, 2011, Dr. Chevere ceased being Senior Vice President, and entered into a Consultant Agreement, under which he agreed to keep confidential and not disclose or use the "Confidential Information" to which Dr. Chevere had access. Id. at ¶ 21. Unbeknownst to AHI

CIV. NO. 12-1678(PG)                                                    Page 2

at the time, between May 12 and May 14, 2012, Dr. Chevere allegedly downloaded, retrieved and sent to his personal email address, sergiocheverepmg@yahoo.com, AHI's Confidential Information without its knowledge and express authorization. Id. at ¶ 21. According to AHI's records, Dr. Chevere made 54 wire transmissions to his personal email from AHI's information computer system, containing AHI's proprietary information and trade secrets, i.e. the Confidential Information. Id. at ¶ 30. In the process of such unauthorized downloading, retrieval, and transmission, the Plaintiffs now claim that Dr. Chevere exceeded the limited authorization he had to access certain Confidential Information within AHI's premises and offices in violation of the aforementioned statutes. Id. at ¶ 31.

On November 26, 2012, the court granted the unopposed request for a preliminary injunction, thereby ordering Defendants to return the Confidential Information in question to Plaintiffs and enjoining them from its use and disclosure. See Docket No. 11. An Opinion and Order in support was entered on September 19, 2013. See Docket No. 29. On that same date, the court also ordered defendants to finally answer the complaint and warned them that failure to comply would result in the entry of default. See Docket No. 26.

Shortly thereafter, on October 29, 2013, the Plaintiffs filed a motion requesting that this court find the Defendants in civil contempt for failing to return to AHI the information subject to the preliminary injunction in contravention of this court's orders. See Docket No. 43. Once again, the Defendants failed to timely oppose this request and on December 2, 2013, the court found Dr. Chevere to be in contempt of this court and liable in the amount of $500 per day of non-compliance upon the issuance of the order. See Docket No. 52. On the next day, the Defendants filed a motion notifying compliance with this order. See Docket No. 54.

Now pending is the Plaintiffs' motion requesting that this court find the Defendants in contempt of court and enter a default judgment against them for willful spoliation of evidence. See Docket No. 65. According to the Plaintiffs, the Defendants deleted emails containing AHI's Confidential Information, which were pivotal evidence in this case. Id. at pages 1-2. This alleged spoliation took place despite AHI's letters notifying Dr. Chevere before and at the beginning of this litigation of his duty not to tamper or destroy such evidence. The Plaintiffs also sustain that the spoliation is in contravention of this court's orders. Id.

CIV. NO. 12-1678(PG) Page 3

On August 10, 2012, the Plaintiffs first sent a letter to Dr. Chevere's attorney notifying him of his client's misappropriations of Confidential Information and resulting violations to several statutes, and requesting that Dr. Chevere deliver to Plaintiffs' counsel all Confidential Information "existing in either paper or electronic format … " that had been retrieved. See Docket No. 65-2. Plaintiffs' counsel also requested therein that Dr. Chevere state under oath that he had not kept or reproduced such information and that no other copies existed, regardless of their format. See id. In the motion now before this court's consideration, the Plaintiffs also attached a letter dated October 30, 2012 advising the Defendants' attorney of their duty to appropriately preserve and retain all relevant information in this case, including all emails sent between his professional and personal electronic mail accounts. See Docket No. 65-3.

The main dispute at present stems from the allegation that Dr. Chevere only produced the "bare e-mail threads; it did not include any of the Confidential Information attached to the emails," see Docket No. 65 at page 6. In support of Plaintiffs' position that the Defendants failed to heed the warning, they make reference to Dr. Chevere's statement under penalty of perjury dated December 5, 2012, wherein he admits erasing the emails in question in October of 2012 (Docket No. 13-1). See Docket No. 65 at page 5. The Plaintiffs also attach a statement under penalty of perjury from Dr. Chevere dated December 19, 2013 stating that the documents in question, "if they were attachments to the e-mails transferred to [his] personal e-mail account, were deleted" from his account. See Docket No. 65-6. The Plaintiffs' alleged predicament, as stated in their motion, is that "[w]ithout this crucial evidence, American Health has been irreparably harmed as it is now precluded from ascertaining the full extent of Chevere's misappropriation of its Confidential Information … ." Docket No. 65 at page 2.

In response, the Defendants timely opposed the Plaintiffs' request for entry of default (Docket No. 69) and the Plaintiffs replied thereto (Docket No. 71). In their opposition, the Defendants suggest that the deletion was prompted by the Plaintiffs' request in their letter of August of 2012 and their request for an injunction enjoining the Defendants from directly or indirectly possessing these documents. See Docket No. 69.

CIV. NO. 12-1678(PG)                                                    Page 4

## B. DISCUSSION

### 1. Spoliation of Evidence

"Spoliation can be defined as the failure to preserve evidence that is relevant to pending or potential litigation. Through the court's inherent power to manage its own affairs, it may sanction a party for spoliation." Jimenez-Sanchez v. Caribbean Restaurants, LLC, 483 F.Supp.2d 140, 143 (D.P.R. 2007). "Relevant evidence is that which may prove or disprove a party's liability theory." Velez v. Marriott PR Management, Inc., 590 F.Supp.2d 235, 258 (D.P.R. 2008). "Litigants have the responsibility of ensuring that relevant evidence is protected from loss or destruction. 'A litigant has a duty to preserve relevant evidence.'" Id. (citing Perez-Velasco v. Suzuki Motor Co. Ltd., 266 F.Supp.2d 266, 268 (D.P.R.2003)). The obligation to preserve relevant evidence "arises once litigation is reasonably anticipated." Perez v. Hyundai Motor Co., 440 F.Supp.2d 57, 60 (D.P.R. 2006).

> [T]his obligation predates the filing of the complaint and arises once litigation is reasonably anticipated. … The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation … If a party cannot fulfill this duty to preserve because he does not own or control the evidence, he still has an obligation to give the opposing party notice of … the possible destruction of the evidence if the party anticipates litigation involving that evidence.

Velez, 590 F.Supp.2d at 258 (citing Perez-Velasco, 271 F.3d at 591) (internal citations and quotation marks omitted).

Pursuant to the applicable caselaw, before an inference of spoliation may be drawn, "the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir.2012) (citing Tri–County Motors, Inc. v. Am. Suzuki Motor Corp., 494 F.Supp.2d 161, 177 (E.D.N.Y.2007)). To that effect, the Plaintiffs have undoubtedly established, by way of Dr. Chevere's own admissions, that he deleted the very emails that according to Plaintiffs evinced his violations to the statutes under which they now seek relief. It is also uncontested that Dr. Chevere deleted these emails after physically producing them *without* the attachments they contained, and that this destruction took place in October of 2012, some weeks after this litigation had commenced. Therefore, the court finds that the Plaintiffs have

successfully established that relevant evidence that was admittedly in the hands of co-defendant Dr. Chevere was not produced during discovery because it was deleted and destroyed after litigation had already ensued.

Regardless of the Defendants' justifications for deleting these emails, as set forth in their reponse, the Plaintiffs suggest in their reply that Dr. Chevere should have instead delivered the attachments to the emails in question or forwarded the emails to AHI or its attorney, as opposed to deleting them. See Docket No. 71 at page 4. The court agrees with the Plaintiffs. The Defendants could have complied with the Plaintiffs' request, their duty to preserve relevant evidence and this court's orders by either printing out and producing the entire content of the emails in question, including their attachments, or forwarding them back *unaltered* to the Plaintiffs' attorney. Only after taking either course of action should Dr. Chevere have deleted them.

As a result of Dr. Chevere's failure to produce or preserve all of the relevant materials, the Plaintiffs are now unfairly disadvantaged. In essence, the Plaintiffs are now hindered in their ability to establish that Dr. Chevere in fact misappropriated Confidential Information by means of these electronic messages to his personal email account. In addition, as a result of the destruction of these emails, the Plaintiffs may not be able to adequately challenge Dr. Chevere's testimony denying the violations to the statutes under which the Plaintiffs now seek relief. As a result of the foregoing, the court must sanction the Defendants for the prejudice Dr. Chevere's actions have caused the Plaintiffs. The court thus moves on to determine what is the appropriate sanction to impose for the spoliation of evidence in this case.

"Once spoliation has been established, the Court enjoys considerable discretion over whether to sanction the offending party." Calderon v. Corporacion Puertorriquena de Salud, No. 12-1006, 2014 WL 171599, at *2 (D.P.R. January 16, 2014) (citing Booker v. Mass. Dep't. of Pub. Health, 612 F.3d 34, 46 (1st Cir.2010)). "If the court finds that a party is accountable for the spoliation it may impose sanctions to avoid unfair prejudice to the opposing party." Velez, 590 F.Supp.2d at 258. In fact, a court may impose sanctions even "[i]f such evidence is mishandled through carelessness … ." Trull v. Volkswagen of America, Inc., 187 F.3d 88, 95 (1st Cir.1999) (citing Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 447, 446 (1st Cir.1997)).

CIV. NO. 12-1678(PG)                                                  Page 6

"Sanctions for spoliation range from dismissal of the action, exclusion of evidence or testimony or instructing the jury on a negative inference to spoliation whereby jury may infer that party that destroyed evidence did so out of realization that it was unfavorable." Hyundai Motor, 440 F.Supp.2d at 62.

> The intended goals behind [sanctions] are to rectify any prejudice the non-offending party may have suffered as a result of the loss of the evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence … Therefore, of particular importance when considering the appropriateness of sanctions is the prejudice to the non-offending party and the degree of fault of the offending party.

Velez, 590 F.Supp.2d at 258 (internal citation omitted). "The measure of the appropriate sanctions will depend on the severity of the prejudice suffered." Hyundai Motor, 440 F.Supp.2d at 61. "Prejudice will be measured by the degree in which [a party's] 'ability to mount an adequate defense' has been hampered." Id. (citing Perez-Velasco, 266 F.Supp.2d at 269).

In the case at hand, the Plaintiffs seek that this court enter default against Defendants for the spoliation of evidence, coupled with their pattern of disobedience of this court's orders so far. See Docket No. 65 at page 16. In regards to this sanction, the First Circuit has repeatedly held that although entry of "default may be a condign sanction when a court is confronted with a persistently noncompliant litigant," Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 38 (1st Cir.2012), it is also "strong medicine, … , and should be prescribed only in egregious cases, … ." Id. at 37-38 (internal citations omitted). The appropriateness of a default sanction must be evaluated on a case by case basis in light of the totality of the circumstances. Id. at 38. In the analysis, a court must "balance the desirability of resolving cases on the merits against the importance of 'the orderly and efficient administration of justice.'" Id. at 38 (citing Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 51 (1st Cir.2009)).

In the case at hand, the court finds that entry of default may be too harsh a punishment and that a lesser sanction, such as an adverse inference instruction, is both available and adequate. "A 'spoliation' instruction, allowing an adverse inference, is commonly appropriate … where there is evidence from which a reasonable jury might conclude *that evidence favorable to one side* was destroyed by the other." U.S. v. Laurent, 607 F.3d 895, 902 (1st Cir.2010) (emphasis ours).

CIV. NO. 12-1678(PG)                                                    Page 7

In their complaint, the Plaintiffs allege that Dr. Chevere made 54 wire transmissions to his personal email from AHI's information computer system, containing AHI's proprietary information and trade secrets, see Docket No. 1 at ¶ 30, and that in so doing Dr. Chevere exceeded his authorization to access, copy, transfer, download, store or remove from the premises any of AHI's Confidential Information, id. at ¶¶ 31, 33. The emails that the Defendants failed to produce and deleted aided to prove these allegations and would have supported the Plaintiffs' version of events. Thus, in the context of the evidence before the court now, we find that an adverse-inference instruction makes sense here. As a result, the trier of fact in this case will be instructed to infer that the emails in question did in fact contain Confidential Information, as defined by the relevant employment and consultant agreements between Dr. Chevere and AHI, and that the content of these emails would have been unfavorable to Dr. Chevere.

**2. Contempt Sanctions**

In addition to the entry of default against Defendants, the Plaintiffs also request an award of attorney fees in light of the Defendants' contemptuous conduct. See Docket No. 65 at pages 16-17. In order to protect the due and orderly administration of justice and maintain the authority and dignity of the court, federal courts are empowered to issue sanctions for civil contempt. See Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 78 (1st Cir. 2002) (citing Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980)). "[A] monetary sanction, assessed for the purpose of compensating the complainant for losses sustained by reason of the contemnor's acts, is within the universe of permissible sanctions. … Thus, make-whole relief is a commonplace sanction for civil contempt. So too are normal embellishments such as attorneys' fees and costs." Goya Foods, 290 F.3d at 78 (internal citations and quotation marks omitted).

In view of the Defendants' conduct, which resulted in the Plaintiffs having to seek this court's intervention and aid by means of an extensive motion, in addition to the letters Plaintiffs' attorneys sent the Defendants' prior to the filing of such motion, the court hereby **ORDERS** the Defendants to pay the Plaintiffs the amount of **$2,500.00 in attorneys' fees BY NO LATER THAN August 22nd, 2014.**

CIV. NO. 12-1678(PG)                                                    Page 8

## C. CONCLUSION

Pursuant to the foregoing, the Plaintiffs' motion (Docket No. 65) is hereby **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 14, 2014.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE